**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01407-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Jesus Miguel Leon, | |
| Defendant. | |

Defendant Jesus Miguel Leon has filed a number of pretrial motions. The Court heard oral argument on the motions on November 28, 2017. For the reasons that follow, Defendant's motions will be denied.

### I.    Motion to Dismiss or Limit Count 1.

Count 1 of the First Superseding Indictment alleges that Defendant and others engaged in a conspiracy from June 1, 2013 to December 13, 2016 to distribute 1,000 or more kilograms of marijuana. Doc. 103 at 2. Defendant asks the Court to dismiss or limit portions of this conspiracy allegation. He asserts that the government has no evidence of his involvement in the alleged conspiracy after August 26, 2014. He further notes that he was in state custody from May 15, 2015 to May 9, 2016, and argues that he could not have been involved in the alleged conspiracy during that time. Doc. 215.

The government states that it will present evidence that the conspirators began shipping packages of marijuana through the postal service in 2013 and continued through 2016. The government asserts that the United States Postal Inspection Service ("USPIS")

1   identified at least 394 packages shipped by the organization.  The government further

2   notes that when Defendant was arrested on December 13, 2016, he was in possession of

3   approximately 11 kilograms of marijuana, cash, and various weapons.  Doc. 242.

4          At oral argument, the government stated that cooperating witnesses will testify

5   that Defendant was involved in the conspiracy before and after his state imprisonment.

6   The government also asserted that it has evidence that Defendant was the source of

7   supply for the marijuana shipped by the conspiracy, and that his co-conspirators carried

8   on the operation while he was incarcerated.  The government argues that Defendant's

9   involvement in the charged conspiracy is a factual determination for the jury.

10         Defendant seems to be moving for summary judgment, a procedural device not

11  available in criminal cases.  He argues that the Court should find the government's proof

12  of his involvement in the conspiracy after August 26, 2014 to be insufficient, and on that

13  basis either dismiss portions of Count 1 or otherwise limit the government's evidence and

14  arguments on that count.  Defendant cites no authority for the Court's ability to enter

15  such an order before trial, but Defendant may seek such a ruling after the government's

16  case in chief.  Fed. R. Crim. P. 29.

17         In addition, the Court notes that although a defendant may withdraw from a

18  conspiracy, withdrawal normally is a defense.  The Supreme Court has held that a

19  defendant has the burden of showing that he withdrew from the conspiracy.  *Smith v.*

20  *United States*, 568 U.S. 106, 110-112 (2013); *see also* Model Ninth Circuit Jury

21  Instruction 8.24 (placing burden of proving withdrawal on defendants).  If Defendant

22  believes that he withdrew from the conspiracy in August of 2014, he can seek to prove

23  that defense at trial.

24         The Court is not persuaded that Defendant's incarceration by the state prevented

25  him from continuing to participate in the conspiracy.  "As a general rule, the fact that a

26  conspirator is taken into custody does not automatically indicate disavowal of the

27  conspiracy."  *United States v. Johnson*, 956 F.2d 894, 906-907 (9th Cir. 1992).

28

The grand jury found probable cause to believe that Defendant was involved in the marijuana distribution conspiracy from 2013 to 2016.  The government asserts that it can prove Defendant's involvement during this entire period.  Unless the Court grants a Rule 29 motion during trial, this is a factual issue for the jury to resolve.  The Court can find no legal basis upon which to preclude the government from asserting at trial that Defendant was involved during the full period of the conspiracy.

**II.      Motion in Limine – Extrapolation.**

The government alleges that the conspirators in this case shipped at least 394 packages of marijuana through the postal service, but Defendant argues that only 44 of the shipments were opened by USPIS and found to contain marijuana.  Defendant argues that the Court should prohibit the government from arguing at trial that the other packages contained marijuana.  Defendant argues that such an assertion would be based purely on speculation. Doc. 214.  Defendant Carlos Hunt joins this motion. Doc. 224.

The government responds by noting that in 2014 USPIS began to identify numerous packages that contained large amounts of marijuana being sent from Arizona to Tennessee.  Postal inspectors identified packages dating back to 2013, and developed evidence of shipments continuing through 2016.  Of the 394 packages identified by USPIS, 44 were seized and found to contain marijuana, totaling approximately 214 pounds.

All of the packages were shipped from Arizona to Tennessee.  The government will present photographic and other evidence of alleged conspirators mailing the packages from various locations in Arizona.  The government will present evidence from the USPIS Package Management System containing the identification, addresses, and shipping dates of specific packages, including their weight and who mailed them, when available.  The government estimates the total marijuana shipped in the 394 packages to be 2,427 pounds or approximately 1,101 kilograms. Doc. 243.

At oral argument, the government stated that witnesses will testify at trial that they packaged and mailed marijuana for the conspiracy on nearly a daily basis.  Witnesses

from Tennessee will testify that they sometimes received 8 to 12 packages of marijuana per day – up to 250 to 300 pounds per week. The government will present evidence that more than $1,700,000 in drug proceeds was moved through Arizona bank accounts. It will also present evidence that the packages were handled in Tennessee by a corrupt mail carrier and often were addressed to abandoned houses or nonexistent addresses.

As noted above, Count 1 charges Defendant and others with conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(vii). Doc. 103 at 2. If the government succeeds in proving this charge – specifically, the volume of marijuana distributed – the statute will impose a ten-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A)(vii).

Defendant argues that the government simply does not have sufficient evidence to prove what was in the packages that were not opened, and therefore asks the Court to preclude the government from making arguments or presenting evidence on this issue. As noted above, however, the Court knows of no procedural tool that allows Defendant to seek summary judgment before trial in this criminal case. Rule 29 will permit Defendant to move for acquittal after the government's case on the basis of lack of evidence.

The Ninth Circuit has made clear that proof of drug quantities at trial can be based on reasonable inferences drawn from admissible evidence. In *United States v. Lemus*, 847 F.3d 1016 (9th Cir. 2016), the court noted that it had previously upheld convictions for drug quantities based on reasonable inferences. *Id*. at 1022. The court specifically cited *United States v. Maciel*, 461 F. App'x. 610 (9th Cir. 2011), which upheld a conviction for conspiracy to distribute 50 grams or more of methamphetamine. Even though the government did not present evidence regarding the purity level of the drugs actually possessed by the defendant, the conviction was upheld because the government presented evidence of purity levels from other drugs seized during investigation of the criminal operation. In *Lemus*, by contrast, the government sought to prove the purity level of drugs possessed by the defendant from other drugs seized in the Los Angeles area. The Ninth Circuit found this evidence insufficient:

It would be a bridge too far to allow a jury to extrapolate from comparison drugs that were not from activity related to the Defendant or a conspiracy in which the Defendant is involved. A 90% level of purity would more than suffice to support the jury's quantity determination, if adequately connected to the drugs concerning which Lemus had constructive possession. However, the government failed to include evidence connecting that purity level to Lemus.

847 F.3d at 1023.

In this case, the government intends to prove the contents of the packages mailed by the conspiracy with evidence from the conspiracy itself. Unlike *Lemus*, the government does not intend to look to some other criminal activity to identify or quantify the drugs. The government will present evidence regarding the volume of marijuana shipped by this organization in 44 different packages, and ask the jury to extrapolate from that evidence the volume of drugs contained in other packages shipped by the organization. The Court finds this evidence to be more like the evidence found sufficient in *Maciel* and less like the evidence found insufficient in *Lemus*.

The Court can see no basis for precluding the government from making these assertions at trial. The quantity of the drugs shipped by the alleged conspiracy is clearly relevant to the charge in this case – Count 1 and § 841(b)(1)(A)(vii) are specifically based on a conspiracy to distribute 1,000 kilograms or more of marijuana. Defendant will be free, of course, to argue to the jury that the government has not proved beyond a reasonable doubt that the other boxes contained marijuana. The Court will carefully instruct the jury on the government's burden of proof. And the parties can propose a verdict form that calls for the jury to determine the amount of drugs unanimously and beyond a reasonable doubt.

Although Defendant has not made a Rule 403 argument, the Court does not find that the probative value of the evidence will be substantially outweighed by a danger of unfair prejudice. The government will present evidence concerning the members of this conspiracy, photographs and other evidence of their shipment of packages, the contents of 44 those packages, and the fact that all packages were sent from Arizona to Tennessee. Co-conspirators will testify that the packages contained marijuana, and the volume of

1    drugs and drug proceeds transferred by this conspiracy will support the government's

2    assertion that more than 1,000 kilograms were involved.  Defendant will be free to

3    dispute all of this evidence, and the Court will carefully instruct the jury.

4         Defendant also argues that he cannot be held liable for packages shipped while he

5    was in state custody or thereafter, absent direct evidence of his actual shipment of

6    packages.  The government suggested at oral argument that it will not present evidence of

7    shipments while Defendant Leon was in custody – that it can meet the 1,000 kilogram

8    threshold by evidence of shipments when he was not in custody.

9         What is more, it is well settled that co-conspirators are "criminally liable for

10   reasonably foreseeable overt acts committed by others in furtherance of the conspiracy

11   they have joined, whether they were aware of them or not." *United States v. Gadson*, 763

12   F.3d 1189, 1214 (9th Cir. 2014).  As Ninth Circuit Model Jury Instruction 8.25 instructs:

13   "Each member of the conspiracy is responsible for the actions of the other conspirators

14   performed during the course and in furtherance of the conspiracy.  If one member of a

15   conspiracy commits a crime in furtherance of a conspiracy, the other members have also,

16   under the law, committed that crime."  If Defendant wishes to assert that he withdrew

17   from the conspiracy, he will have an opportunity to present that defense and the Court

18   will properly instruct the jury.

19   **III**.   **Motion in Limine – Unrelated Weapons.**

20        Defendant asks the Court to preclude photographs of him holding and shooting

21   various weapons.  Doc. 221.  The government states that it does not intend to present

22   such photographs during its case in chief.  Doc. 240.  In light of this statement, the Court

23   will deny Defendant's motion as moot.  If the government decides at some point during

24   trial that the photographs have become relevant, it should raise that issue with the Court

25   and defense counsel outside the hearing of the jury.

26        **IT IS ORDERED:**

27        1.      Defendant's motion to dismiss or limit Count 1 (Doc. 215) is **denied.**

28        2.      Defendant's motion in limine regarding extrapolation (Doc. 214) is **denied.**

3. Defendant's motion in limine regarding weapons photographs (Doc. 221) is **denied as moot.**

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 10/6/2017.

Dated this 29th day of November, 2017.

David G. Campbell
United States District Judge