WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Carlis Lee Hunt, Jr.,<br><br>    Defendant. | No. CR-16-01047-08-PHX-DGC<br><br>**ORDER** |

Defendant Carlis Hunt is in the custody of the Federal Bureau of Prisons ("BOP"). Pursuant to 18 U.S.C. § 3582(c), he has filed an amended motion for compassionate release due to ongoing health concerns from the COVID-19 pandemic. Doc. 434. The government has filed a response. Doc. 435. For reasons stated below, the Court will deny the motion.

**I. Background.**

In November 2016, a grand jury charged Defendant and ten codefendants with two crimes – conspiracy to possess with the intent distribute marijuana (count one) and conspiracy to commit money laundering (count two). Docs. 3, 4; *see* Doc. 108; 21 U.S.C. § 846; 18 U.S.C. § 1956(h). In January 2018, Defendant pled guilty to count two and to the lesser included offense of count one, possession with the intent to distribute marijuana. Docs. 297, 298. On May 2, 2018, the Court sentenced Defendant to 92 months in prison followed by 60 months of supervised release. Docs. 338, 339.

Defendant is confined at the federal correctional institution in Forrest City, Arkansas ("FCI Forrest City"). *See* Federal BOP, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited Jan. 19, 2021). His projected release date is July 11, 2022. *See id.*; Doc. 434-5.

Defendant asked the warden at FCI Forrest City for compassionate release on July 8, 2020. Doc. 434-8 at 4. The request was denied on August 31. *Id.* at 2-3. Defendant filed his amended motion, through appointed counsel, on December 8. Doc. 434. The government filed a response on December 15. Doc. 435. Defendant filed no reply, and the time for doing so has passed. *See* LRCrim 47.1; LRCiv 7.2(d).

## II.     Compassionate Release Under § 3582(c) and the First Step Act.

Compassionate release is governed by § 3582(c). *See United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)). Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). On December 21, 2018, Congress enacted – and the President signed into law – the First Step Act of 2018 ("FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" *Willis*, 382 F. Supp. 3d at 1187 (quoting Pub. L. No. 115-391, 132 Stat. 5194, at 5239 (2018)).

The FSA amended § 3582(c) to permit motions for compassionate release by defendants. A defendant may bring such a motion after: (1) requesting the BOP to make such a motion on his behalf, and (2) exhausting all administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier. *See* § 3582(c)(1)(A); *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)).

Specifically, the amended version of § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).[1]

## III. Defendant's Amended Motion.

Defendant filed the present motion more than three months after he submitted his administrative request for compassionate release to the warden at FCI Forrest City. The Court therefore has jurisdiction under § 3582(c)(1)(A).

Defendant seeks compassionate release due to his hypertension, kidney disease, and acute sinusitis. Doc. 434 at 4. The government argues that Defendant's motion should be denied because he is a danger to the community. Doc. 435; *see* Doc. 429 at 10. The Court finds that Defendant has shown extraordinary and compelling reasons for compassionate release, but a sentence reduction would not serve the purposes of 18 U.S.C. § 3553(a) and Defendant has failed to show that he no longer is a danger to the community.

### A. Extraordinary and Compelling Reasons.

While § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G.

---

[1] "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

3

§ 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[2]

The following medical conditions can constitute extraordinary and compelling reasons justifying compassionate release:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)[.]
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, application note 1(A).

BOP medical records show that Defendant suffers from stage-two chronic kidney disease, hypertension, and acute sinusitis. Doc. 434-9. The Centers for Disease Control and Prevention ("CDC") has identified chronic kidney disease as a medical condition that poses a serious risk for severe illness from COVID-19. *See* CDC, COVID-19 (Coronavirus Disease), *People with Certain Medical Conditions, Chronic kidney disease*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 19, 2021). The CDC also has identified hypertension as a potential risk factor from COVID-19 infections. *See* CDC, *People with Certain Medical Conditions*, *Hypertension or high blood pressure*; *United States v. Ramos*, No. 17-CR-

---

[2] There is no policy statement specifically applicable to motions for compassionate release filed by prisoners under the FSA. By its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director. U.S.S.G. § 1B1.13. The Sentencing Commission has not amended the current policy statement since the FSA was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)). While the current policy statement may not constrain the Court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i), it does provide helpful guidance. *See id.*

00379-LHK-2, 2020 WL 7247208, at *4 (N.D. Cal. Dec. 9, 2020) (noting that "[t]he CDC in fact lists 'hypertension or high blood pressure' in the 'might increase risk category'").

The Court finds, and the government agrees (Doc. 435 at 1), that Defendant suffers from a medical condition that would present serious risks if he were to contract COVID-19. *See United States v. Wilson*, No. 2:08-CR-00114-TLN-DB, 2021 WL 124524, at *2 (E.D. Cal. Jan. 13, 2021) (noting that the CDC has identified chronic kidney disease "of any stage" to be a serious risk factor); *United States v. Lee*, No. 1:16-cr-00069-AWI-SKO-10, 2020 WL 6343063, at *1 (E.D. Cal. Oct. 29, 2020) ("the United States concedes that Lee's hypertension, obesity and kidney disease . . . can increase risk of severe illness from COVID-19"); *see also United States v. Nassar*, No. 2:17-CR-00104-KJM-1, 2020 WL 6484181, at *2 & nn.3-7 (E.D. Cal. Nov. 4, 2020) ("District courts within the Ninth Circuit have recognized that . . . hypertension . . . increase[s] the risk of serious COVID-19 symptoms and complications.") (citing cases).

Defendant is not likely to recover from his medical conditions while incarcerated. And as of January 19, 2021, more than 300 inmates at FCI Forrest City have tested positive for COVID-19. *See* Federal BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/.

"Courts have found general concerns about possible exposure to COVID-19 'do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.'" *United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22, 2020) (citations omitted); *see United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) (same). But given Defendant's medical conditions and the COVID-19 infections that have occurred at FCI Forrest City, Defendant's fear of contracting the virus is real and not merely a general concern. The Court finds extraordinary and compelling reasons for a sentence reduction. *See United States v. Zeigler*, No. 15-CR-00347-JST-1, 2020 WL 6481533, at *2 (N.D. Cal. Oct. 28, 2020) (finding that the defendant's kidney disease and hypertension, "in conjunction with the COVID-19 pandemic[,] present [an] 'extraordinary and compelling reason' to reduce a

defendant's sentence"); *United States v. Parker*, 461 F. Supp. 3d 966, 979-80 (C.D. Cal. 2020) ("Since the onset of the COVID-19 pandemic, courts have determined that inmates suffering from conditions such as hypertension . . . are now at an even greater risk of deteriorating health, presenting 'extraordinary and compelling' circumstances that may justify compassionate release.").

### B.     Section 3553(a) Factors.

Defendant's COVID-19 risk factors do not, however, end the Court's inquiry. Section 3582(c)(1)(A)(ii) "provides that, before reducing a defendant's sentence for 'extraordinary and compelling reasons,' the court must consider the factors set forth in 18 U.S.C. § 3553(a)[.]'" *United States v. Mobley*, No. CR CCB-17-144, 2020 WL 6891398, at *3 (D. Md. Nov. 24, 2020); *see United States v. Soza-Soto*, No. 19-CR-684-GPC, 2020 WL 7260663, at *3 (S.D. Cal. Dec. 10, 2020) ("Before determining if release is warranted, the Court must also take into account public safety and the Section 3353(a) sentencing factors.") (citing § 3582(c)(1)(A)(ii); U.S.S.G. § 1B1.13(2)).  The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).  The Court "should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release[.]" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020).

Defendant engaged in serious criminal conduct.  Between June 2013 and December 2016, he actively participated in a drug trafficking organization that shipped large quantities of marijuana from Arizona to Tennessee. Docs. 336 ¶ 5, 341 at 8.  The United States Postal Service ("USPS") identified nearly 400 parcels of marijuana shipped by the organization with an estimated drug weight of 2,500 pounds. Doc. 336 ¶ 6.  The USPS also identified approximately $1.8 million in cash deposits from Tennessee into bank

6

accounts owned by organization members. The organization used the money to promote its criminal activity, and took efforts to conceal the illicit nature of the funds and the identities of its owners. *Id.*; Doc. 341 at 8-9.

Defendant was one of the organization's leaders. Doc. 336 ¶ 19. He worked with a codefendant to obtain, package, and ship the marijuana from Arizona. *Id.* ¶ 7. He also coordinated with co-conspirators in Tennessee who received the packages, distributed the marijuana, and returned proceeds to Defendant. *Id.* Defendant is responsible for 100-400 kilograms of marijuana based on the time frame of his involvement in the conspiracy, and utilized his bank accounts to launder more than $50,000 in drug proceeds. *Id.* ¶ 19.

Defendant's guidelines range was 120 to 150 months, but he was sentenced well below the range to a term of 92 months. *Id.* ¶ 78. To date, Defendant has served about half – 48 months – of his 92-month sentence. *See* Doc. 434 at 2, 9.

Defendant's good behavior and educational efforts while in prison are commendable. *See* Docs. 434 at 3, 8; 434-6. But releasing him from prison at this time would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his serious offense, or afford adequate deterrence to criminal conduct. The Court finds that the § 3553(a) factors outweigh the extraordinary and compelling reasons allowing for compassionate release. *See Ebbers*, 432 F. Supp. 3d at 430 (noting that the court must "particularly [consider] whether compassionate release would undermine the goals of the original sentence"); *United States v. Tuitele*, No. CR 13-00593 JMS, 2020 WL 5167527, at *4 (D. Haw. Aug. 31, 2020) (noting that reducing defendant's sentence "would severely undermine the goals of sentencing set forth in § 3553(a)(2)."); *United States v. Coleman*, No. 2:16-CR-00139, 2020 WL 6334784, at *8 (W.D. Pa. Oct. 29, 2020) (denying compassionate release where the defendant had serious health conditions because two years remained on his eight-year sentence for drug offenses).

**C.    Danger to the Community.**

Defendant also has failed to show that he no longer is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). He conspired with others to

distribute large amounts of marijuana over a three-year period. Defendant also has a history of criminal conduct that spans fifteen years and includes multiple felony convictions. Doc. 336 ¶¶ 40-49. One such conviction was for aggravated assault – Defendant robbed and shot his victim several times. *Id.* ¶ 45. Defendant also was convicted of being a felon in possession of a firearm. *Id.* ¶ 43; *see* Doc. 434 at 2-3.

Defendant's only argument regarding his danger to the community is that it could be mitigated under the supervision of the United States Probation Department. Doc. 424 at 8. But Defendant committed a portion of the offenses for which he is now incarcerated while serving a term of probation in a different case. Defendant was placed on three years of probation in February 2015, and his criminal conduct in this case lasted through December 2016. *See* Docs. 336 ¶ 49, 341 at 8.

The Court cannot conclude on the present record that Defendant no longer poses a danger to the community. *See United States v. Rosander*, No. 3:17-CR-00051-HZ-3, 2020 WL 5993065, at *4 (D. Or. Oct. 2, 2020) ("The Court commends Defendant for her conduct . . . during her incarceration thus far, but that alone is insufficient to establish that she no longer remains a danger to others or to the community."); *United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1243-44 (S.D. Fla. 2020) ("His medical condition – serious and deteriorating though it may be – did not deter [defendant] from committing the crimes for which he is now incarcerated. And there is no reason to believe that it will deter him from committing similar crimes in the future.").

**IV. Conclusion.**

Defendant has shown extraordinary and compelling reasons for compassionate release, but release at this time would undermine the goals of sentencing set forth in § 3553(a). Defendant also has failed to show that he no longer is a danger to the community.

**IT IS ORDERED** that Defendant Carlis Hunt's amended motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 434) is **denied**.

Dated this 20th day of January, 2021.

*David G. Campbell*

David G. Campbell
Senior United States District Judge